IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FABIAN AGUILAR,<br><br>　　　　　Petitioner,<br><br>v.<br><br>CHRISTE QUICK, Warden,[1]<br><br>　　　　　Respondent. | Case No. 24-CV-435-JFH-GLJ |

**OPINION AND ORDER**

　　　　Petitioner Fabian Aguilar ("Aguilar"), an Oklahoma prisoner appearing pro se, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Cherokee County District Court Case Nos. CF-2015-300 and CF-2015-451. Dkt. No. 1 at 1.[2] Having considered Aguilar's Petition for Writ of Habeas Corpus ("Petition") [Dkt. No. 1], Respondent Christe Quick's ("Respondent") Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations and for Failure to Exhaust State Remedies ("Motion to Dismiss") [Dkt. No. 14], Respondent's Brief in Support of the Motion to Dismiss [Dkt. No. 15], Aguilar's Response to Respondent's Motion to Dismiss [Dkt. No. 16], and applicable law, the Court finds and concludes that Respondent's Motion to Dismiss shall be granted.

---

[1]　Aguilar is incarcerated at Jackie Brannon Correctional Center, and Christe Quick is the Warden of that facility. The Court therefore substitutes Christe Quick, Warden, in place of Michael Miller as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

[2]　The Court's citations refer to the CM/ECF header pagination.

## BACKGROUND

On September 16, 2015, Aguilar pled guilty to the following charges in Cherokee County District Court Case No. CF-2015-300: possession of a controlled dangerous substance and knowingly concealing stolen property. Dkt. No. 15-3. On the same day, Aguilar also pled guilty to the following charges in Cherokee County District Court Case No. CF-2015-451: child neglect, possession of a controlled dangerous substance and possession of drug paraphernalia. Dkt. No. 15-4. Aguilar was sentenced the same day. Dkt. Nos. 15-5 and 15-6. Aguilar was sentenced to "ten (10) years suspended under the custody and control of Drug Court[.]" *Id.* On February 13, 2020, Aguilar's suspended sentences were revoked. Dkt. Nos. 15-7, 15-8, 15-9 and 15-10. His sentences were fully revoked, and he was remanded to the custody of the Oklahoma Department of Corrections to serve ten (10) years. *Id.* The state district court set a judicial review for August 12, 2021. Dkt. No. 15-10.

The state district court declined to modify Aguilar's sentence at the August 12, 2021 review. Dkt. No. 15-11. Aguilar did not file anything further with the state courts until October 11, 2022, when he filed a Writ of Mandamus. Dkt. No. 15-14.

Based upon the above-described procedural history, Respondent, by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, contends Aguilar's Petition is time-barred. Dkt. Nos. 14 and 15. Specifically, Respondent argues Aguilar's Petition is untimely pursuant to 28 U.S.C. § 2244(d) and Aguilar is not entitled to equitable tolling. *See* Dkt. 15. The Court agrees.[3]

---

[3] Respondent also moves to dismiss Aguilar's claims as unexhausted. Dkt. No. 15 at 28-34. Since the Court determines the Petition is untimely, it does not address the merits of Respondent's exhaustion argument.

## PROPER TREATMENT OF AGUILAR'S CLAIMS

As noted by Respondent, Aguilar presents a "hybrid" Petition containing both 28 U.S.C. § 2241 claims and 28 U.S.C. § 2254 claims.  *See* Dkt. No. 1; *see also Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (noting petitioner's petition "seems to be a hybrid" presenting both § 2241 and § 2254 claims); *Malek v. Friel*, 279 F. App'x 659, 660 (10th Cir. 2008)[4] (noting petitioner raised claims under both § 2241 and § 2254).  Aguilar raises three (3) grounds for relief.  Dkt. No. 1.  In Ground 1, Aguilar claims his counsel was ineffective during the revocation proceedings because he failed to file paperwork to initiate an appeal after the revocation per his instructions and for failing to inform the court at the revocation hearing of a change in law that allegedly lowered some of his convictions to misdemeanors.  *Id.* at 5-7.  Concerning Ground 2, Aguilar contends the state district court violated Okla. Stat. tit. 22, § 991b(G) (2019) when revoking his suspended sentences.  *Id.* at 12-14.  Finally, for Ground 3, Aguilar challenges his conviction in Case No. CF-2015-451 claiming the charges resulted from an illegal search and seizure leading to an illegal arrest.  *Id.* at 15-17.

Grounds 1 and 2 challenging the revocation and imposed sentences arise under 28 U.S.C. § 2241.  *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017) ("A state prisoner's challenge to the revocation of a suspended sentence is properly brought under § 2241 based on our circuit precedent."); *Stoltz v. Sanders,* Nos. 00-6188, 00-6288, 2000 WL 1730894, at *1 (10th Cir. Nov. 22, 2000) (unpublished) ("To the extent [the petitioner] is challenging the revocation of his sentence, we construe his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than its validity.").  Ground 3 challenging the underlying

---

[4]  The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

conviction in Case No. CF-2015-451 arises under 28 U.S.C. § 2254. *See Leatherwood*, 861 F.3d at 1042 ("a state prisoner's federal habeas challenge to the validity of an underlying conviction or sentence must typically be brought under § 2254[.]").

Nevertheless, regardless of the characterization of Aguilar's Petition, the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period applies. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (AEDPA's one-year limitations period applies to 28 U.S.C. § 2241 petitions); *see also, e.g., Preston v. Gibson*, 234 F.3d 1118 (10th Cir. 2000) (applying AEDPA one-year limitations period to § 2254 petition).

## DISCUSSION

Under the AEDPA, state prisoners have one (1) year from the latest of four (4) triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston*, 234 F.3d at 1120.

I.     **28 U.S.C. § 2244(d)(1)(A)**

Aguilar failed to initiate the instant Petition within the time mandated by 28 U.S.C. § 2244(d)(1)(A). First considering Aguilar's § 2254 claim challenging the illegal search and seizure underlying his conviction in CF-2015-451,[5] Aguilar was sentenced on September 15, 2015. Dkt. No. 15-6. He did not file an application to withdraw his plea within ten (10) days as required by Oklahoma law. *See* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2021). Thus, Aguilar's conviction became final on September 28, 2015.[6] *See Jones v. Patton*, 619 F. App'x 676, 678-79 (10th Cir. July 15, 2015) (finding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence). Aguilar's one-year period to file a petition for writ of habeas corpus began September 29, 2015, and, absent statutory tolling, expired September 29, 2016. The Court finds, absent any tolling events, Aguilar's Ground 3, first presented on October 31, 2024, is untimely under 28 U.S.C. § 2244(d)(1)(A).

Next, considering Aguilar's § 2241 claims alleging he received ineffective assistance of counsel and an illegal sentence with respect to the revocation of his suspended sentences in Cherokee County District Court Case Nos. CF-2015-300 and CF-2015-451,[7] his sentences were revoked on February 13, 2020. Dkt. Nos. 15-7, 15-8, 15-9 and 15-10. Aguilar had ten (10) days

---

[5] Ground 3. Dkt. No. 1 at 15-17.

[6] Aguilar's deadline to withdraw his plea was technically September 26, 2015. Since September 26, 2016, was a Saturday, Aguilar's time to withdraw his plea extended to Monday, September 28, 2015. Okla. Tit. 12, § 2006(A)(1); *see also* Fed. R. Civ. P. 6(a)(1)(C).

[7] Grounds 1 and 2. Dkt. No. 1 at 5-14.

from the pronouncement of the revocation orders to appeal, or until February 24, 2020.[8] *See* Okla. Stat. tit. 22, § 991b(F) (2019); Rules 1.2(D)(4), 2.1(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2020); *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. Aug. 2011) (statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began running when the order revoking petitioner's suspended sentence became final upon expiration of time for appeal). Aguilar did not appeal the revocation orders on or before February 24, 2020, and his one-year period to file a petition for writ of habeas corpus began February 25, 2020. *See Klein,* 437 F. App'x at 684. Absent statutory tolling, his one-year period expired February 25, 2021. The Court finds, absent any statutory tolling events, Aguilar's Grounds 1 and 2, first presented on October 31, 2024, are untimely under 28 U.S.C. § 2244(d)(1)(A).[9]

## II.     28 U.S.C. § 2244(d)(2)

Pursuant to § 2244(d)(1)(A), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the

---

[8] Aguilar's deadline to appeal was technically February 23, 2020. Since February 23, 2020, was a Sunday, Aguilar's time to appeal extended to Monday, February 24, 2020. Okla. Tit. 12, § 2006(A)(1); *see also* Fed. R. Civ. P. 6(a)(1)(C).

[9] Aguilar did not allege any facts triggering 28 U.S.C. §§ 2244(d)(1)(B), (C) or (D). Aguilar does point to a change in state law as the basis of his ineffective assistance of counsel claim. Dkt. No. 1 at 12-14. However, as Aguilar notes, the state law became effective on November 1, 2019, prior to the February 24, 2020 revocation. *Id.* at 13. Thus, the change in Oklahoma criminal law does not satisfy 28 U.S.C. § 2244(d)(1)(D). Accordingly, the Court does not analyze 28 U.S.C. §§ 2244(d)(1)(B), (C) or (D).

6

one year allowed by the AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired.").

Aguilar did not file anything in state court concerning his original underlying conviction or the sentences imposed after revocation until October 11, 2022. *See* Dkt. No. 15-14. After filing a writ of mandamus with the Oklahoma Court of Criminal Appeals on October 11, 2022, Aguilar filed various petitions for out of time post-conviction direct appeal [*see, e.g.,* Dkt. Nos. 15-17, 15-26] and other various requests [*see, e.g.,* Dkt. Nos. 15-19, 15-20, 15-21, 15-23, 15-25]. However, all these matters were filed beyond the one-year limitations period prescribed by the AEDPA and do not provide Aguilar with any statutory tolling. Accordingly, Aguilar's October 21, 2024 Petition, filed well beyond September 2016 and February 2021, is untimely under 28 U.S.C. § 2244(d)(1)(A).

### III. Equitable Tolling

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, a petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations and citations omitted). Equitable tolling is only available in "rare and exceptional circumstances[.]" *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Aguilar's Petition does not indicate any extraordinary circumstances precluded the timely submission of his action.

Aguilar emphasizes his *pro se* status, being a layman and incarcerated, his inability to read and write, and the deficient assistance of the prison law clerks as reasons excusing the untimeliness of his Petition. *See* Dkt. No. 1 at 22-24. Fatal to Aguilar's request for equitable tolling is that he does not point to any extraordinary circumstance or exercise of due diligence on his part in the one-year period after his 2016 conviction or the one-year period after his 2020 revocation. *See id.* Instead, he focuses his attention on his efforts beginning in 2022. *See id.* Nothing that occurred in 2022 and beyond constitutes an extraordinary circumstance that prevented Aguilar from filing the instant Petition within the one-year period provided by the AEDPA.

Further, even entertaining the circumstances Aguilar points to, Aguilar is not entitled to equitable tolling. First, being *pro se* and incarcerated is not an extraordinary circumstance which entitles a petitioner to equitable tolling. *See Marsh,* 223 F.3d at 1220 ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Nor does an inability to read and write.[10] *Alexander v. Watkins*, 49 Fed. App'x. 770, 772 (10th Cir. 2002) ("[Appellant's] assertions concerning … his illiteracy ... [is] insufficient to justify equitable tolling."); *Jamison v. Jones,* 197 F. App'x 743, 746 (10th Cir. 2006) ("Illiteracy alone does not merit equitable tolling."). Aguilar's reliance on a prison law clerk likewise does not entitle him to equitable tolling. *Marsh,* 223 F.3d at 1220 (Tenth Circuit concluded equitable tolling was inapplicable, in part, because "[t]he fact that an inmate law clerk was assisting in drafting … does not relieve [petitioner] from the personal responsibility of complying with the law.").

---

[10] The Court questions the veracity of Aguilar's assertion. *See, e.g.,* Dkt. No. 15-3 at 1 (Answering "yes" to the state court's question "I ... can read and write well enough to understand this form?"). Nevertheless, as cited, Tenth Circuit precedent establishes illiteracy does not excuse an untimely Petition.

Aguilar also notes his counsel failed to file a revocation appeal despite Aguilar's requests. Dkt. No. 1 at 6.  However, even if Aguilar's counsel failed to file the requested appeal, this does not establish an extraordinary circumstance or Aguilar's due diligence.  Aguilar does not provide any specific facts outlining the steps *he* took to exercise due diligence.  *Vigil*, 302 F. App'x at 804. He does not indicate when he learned his attorney did not file the appeal as requested or any action he took between February 13, 2020, and October 11, 2022, the date Aguilar filed a Writ of Mandamus with the OCCA, to timely file a federal habeas petition.  For all these reasons, the Court concludes Aguilar has failed to establish extraordinary circumstances and due diligence.  Aguilar is not entitled to equitable tolling, and his October 31, 2024 Petition, filed well filed well beyond the AEDPA statute of limitations deadline, is time-barred.[11]

## CONCLUSION

The Court finds and concludes Aguilar cannot obtain federal habeas relief under 28 U.S.C. § 2254.  Aguilar's Petition is time-barred.  The Court, therefore, dismisses the Petition.  The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the Petition on statute-of-limitations grounds.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that the Motion to Dismiss [Dkt. No. 14] is GRANTED; the Petition [Dkt. No. 1] is DISMISSED; a certificate of appealability is DENIED; and a separate judgment shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of Court shall note on the record the substitution of Christe Quick, Warden, in place of the Michael Miller as party Respondent.

---

[11] While a petition otherwise subject to dismissal for untimeliness may be heard on the merits upon a proper showing of actual innocence, Aguilar does not invoke the actual-innocence doctrine. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Dated this 9th day of February, 2026.

                                                                            JOHN F. HEIL, III
                                                                            UNITED STATES DISTRICT JUDGE